**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WAYNE FINNEY, | : | Civil No. 10-4393 (RBK) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| FED. BUREAU OF PRISONS, et al., | : |  |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES:**

> WAYNE FINNEY, #06601-068
> CCM Pittsburgh
> 1000 Liberty Avenue, Suite 1315
> Pittsburgh, PA 15222
> Petitioner Pro Se

> ELIZABETH ANN PASCAL, Assistant United States Attorney
> United States Attorney
> P.O. Box 2098
> Camden, NJ 08101
> Attorneys for Respondents

**KUGLER, District Judge**

On August 27, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241 challenging the Bureau of Prisons' determination that he is eligible for a pre-

release custody placement of 180 days in a community corrections center.  On April 4, 2011,

Respondents filed an Answer indicating that on June 9, 2011, Petitioner is scheduled to be placed

in a community corrections center in Pittsburgh, Pennsylvania.  Because Petitioner was placed in

a community corrections center on or about June 9, 2011, this Court will dismiss the Petition as moot.

## I.  BACKGROUND

When he filed this Petition on August 27, 2010, Petitioner was incarcerated at FCI Fairton in New Jersey, serving a federal sentence.  The Petition challenges the Bureau of Prisons' determination that Petitioner is not eligible for more than a 180-day pre-release custody placement in a community corrections center under the Second Chance Act and 18 U.S.C. § 3624(c).  By Order filed February 16, 2011, this Court directed Respondent to file an answer.  On April 4, 2011, Respondent filed an Answer together with two declarations, arguing that the Petition should be dismissed and stating that Petitioner was scheduled to be placed in CCM Pittsburgh on June 9, 2011.

On or about June 9, 2011, the BOP placed Petitioner in CCM Pittsburgh, a community corrections center located in Pittsburgh, Pennsylvania.  See Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false &IDType=IRN&IDNumber=06601-068&x=75&y=17 (July 6, 2011).

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v.

Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in

custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v.

Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

 This Court has subject matter jurisdiction under § 2241 to consider the instant Petition

because Petitioner challenges the execution of his sentence, he was in custody in New Jersey at

the time he filed the Petition, see Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall

v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the

district of confinement and named the Warden as respondent, see Burkey at 145.  The question

here is whether the BOP's placement of Petitioner in CCM Pittsburgh, a community corrections

center, on June 9, 2011, caused the Petition to become moot because it no longer presents a "case

or controversy" under Article III, § 2, of the United States Constitution.  See Spencer v. Kemna,

523 U.S. 1, 7  (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of

Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

  The exercise of judicial power depends upon the existence of a case or controversy

because Article III of the Constitution limits the judicial power of federal courts to "cases or

controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy"

requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .

The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v.

Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the

litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the

defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7

(citation and internal quotation marks omitted).

In this case, Petitioner challenges the date on which he was to be placed in a community corrections center.  Petitioner has been confined in a community corrections center since June 9, 2011, and his custodial sentence will expire on December 5, 2011.  When BOP placed Petitioner in a community corrections center, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also Burkey at 149 (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); cf. United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).  This Court will therefore dismiss the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.


                              s/Robert B. Kugler
                              **ROBERT B. KUGLER, U.S.D.J.**

Dated:      July 7      , 2011